Filed 4/8/25  P. v. Knowland CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CODY JAMES KNOWLAND,<br><br>    Defendant and Appellant. | B337909<br><br>(Los Angeles County Super. Ct. Nos. 23SFCF00001/24SFCF00186) |

APPEALS from judgments of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Cody James Knowland appeals from two judgments of conviction in case Nos. 23SFCF00001 and 24SFCF00186 entered after the trial court denied his motion to withdraw his no contest pleas in each case and then sentenced him pursuant to the terms of the plea agreement. No arguable issues have been identified following review of the record by Knowland's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2023 Knowland was charged in case No. 23SFCF00001 with carrying a loaded, unregistered, and concealed firearm in a vehicle (Pen. Code,[1] § 25400, subds. (a)(1), (c)(6)(A), (B)). This "wobbler" offense was charged as a felony. (§ 25400, subd. (c)(6).) The complaint further alleged Knowland had suffered numerous prior convictions of increasing seriousness, within the meaning of California Rules of Court, rule 4.421(b)(2).

On February 4, 2024 Knowland was arrested and charged in case No. 24SFCF00186 with one count of carrying a shotgun while knowing he had an outstanding felony warrant (§ 29800, subd. (a)(3)).

On February 15, 2024 the People moved to amend the complaint in case No. 23SFCF0001 to add a second count for possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)). The People and Knowland

_____

[1]     Unless otherwise stated, all statutory references are to the Penal Code.

2

reached a plea agreement as to both cases. Knowland agreed to plead no contest to the charge of violating Health and Safety Code section 11370.1 in case No. 23SFCF00001 and to violating section 29800, subdivision (a)(3), in case No. 24SFCF00186.

Knowland completed and signed written plea forms for each case that included explanations and waivers of his constitutional rights. The trial court went over the plea forms with Knowland, and Knowland indicated he had signed them and understood his rights. Knowland stated he had enough time to speak with his attorney, he was "pleading no contest freely and voluntarily," and he had no questions. The court advised Knowland, and Knowland acknowledged, "the agreement is you're going to receive the low term of two years, concurrent, with each case."

Knowland pleaded no contest to the offenses, and the court accepted the pleas and found him guilty. The trial court then accepted an *Arbuckle* waiver[2] and ordered Knowland to appear for sentencing on March 12, 2024. Knowland was remanded to custody pending his sentencing hearing.

On February 21, 2024, the trial court advanced the sentencing hearing date, accepted a *Cruz* waiver[3] from Knowland, and released Knowland on his own recognizance. Judge Zacky went "over the terms" of the waiver, including the fact that Knowland "will not be allowed to withdraw [his] guilty or no contest plea or any admission to special allegations." The

[2]     *People v. Arbuckle* (1978) 22 Cal.3d 749 [defendant may waive the right to have the same judge sentence him or her].

[3]     *People v. Cruz* (1988) 44 Cal.3d 1247 [allowing defendant to be released from custody in return for promises not to commit other crimes and to return for sentencing].

3

trial court also told Knowland that "I know why you are being released. Because of your mother's illness. And you have two minor children. So keep all of that in perspective."

On the date set for sentencing, Knowland moved to continue the matter because he wanted to file a motion to vacate the plea. Knowland was remanded pending the continued hearing.

On March 20, 2024 Knowland filed a motion seeking to withdraw his plea in both cases. According to the declaration of Knowland, he "felt rushed and under duress" in entering the plea agreements because, as the motion explained, "when told that the offer to resolve this matter without trial was low term of 16 months, he agreed to enter a no contest (guilty) plea, but he did not understand that it was a package deal with his other case (24SFCF00186) until informed by Judge Cynthia Ulfig, whereby he would be sentenced to 1/3 the midterm sentence of 2 years on Count 1 in that case which is 8 months, to run consecutively to the sentence in case No. 23SFCF00001. Further, both his parents are terminally ill, and he wanted to say goodbye to them and see his two young sons, ages five and seven, prior to serving his agreed upon time in prison."

On March 25, 2025 the trial court denied Knowland's motion to withdraw his plea. In denying the motion, the court found that "with all due respect, I think you are trying to play the system. . . . [¶] The reason I am saying that is because, you know, you entered your plea because it was your understanding that at the time you entered your plea, you would be released on a *Cruz* waiver to go see your ill parents and your children which, of course, was granted. I am the one that let you out on the *Cruz* waiver. [¶] And then you come back – so you got the benefit of

4

that. And now that you are back in custody, you have been thinking about it and you're like, well, maybe I shouldn't have done that. . . . [¶] And to say that you were under duress, I don't think that's an accurate statement. I read the plea transcript . . . and the colloquy or the discussion between you and Judge Nash at the time the plea was taken was very civil. It seemed there was no confusion on your part. [¶] At no time did you ever say you were under duress or felt pressured at all. . . . [¶] He even asked you on page 4, 'do you have any questions, sir?' [¶] You said, 'no.' [¶] That would have been the time, had you been under duress, to say, well, wait a minute here, I'm not sure I want to do this because I feel pressured because of all of these external things that are going on in my life. [¶] So based on that, good cause has not been established to withdraw the plea."

Thereafter, for the violation of Health and Safety Code section 11370.1 in case No. 23SFCF00001, the trial court sentenced Knowland to two years in prison (the middle term) with 77 days of presentence credit. In case No. 24SFCF00186, for the violation of section 29800, subdivision (a)(3), the court sentenced Knowland to a concurrent sentence of 16 months (the lower term) with 64 days of presentence credit. On the People's motion, the court dismissed the section 25400 charge alleged in case No. 23SFCF00001.

The court granted Knowland's request for a certificate of probable cause, and Knowland now appeals the denial of his motion to set aside his plea agreement in both cases. (§ 1237.5.) We consolidated the appeals.

5

## DISCUSSION

We appointed counsel to represent Knowland in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised appellant on December 2, 2024 that he could personally submit any contentions or issues he wanted the court to consider. Appointed counsel also sent Knowland the transcripts of the record on appeal and a copy of the appellate brief. On December 4, 2024 this court also informed Knowland that he may file a supplemental brief within 30 days "stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We have received no response from Knowland.

We have examined the record and are satisfied appellate counsel for Knowland has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


                                        STONE, J.

We concur:



            SEGAL, Acting P. J.                    FEUER, J.


6